**BRYAN CAVE LEIGHTON PAISNER LLP**
Allison C. Eckstrom, California Bar No. 217255
Christopher J. Archibald, California Bar No. 253075
Sharlene P. Meno, California Bar No. 317181
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone:   (949) 223-7000
Facsimile:   (949) 223-7100
E-Mail:   allison.eckstrom@bclplaw.com
          christopher.archibald@bclplaw.com
          sharlene.meno@bclplaw.com

Attorneys for Defendant
WALGREEN CO.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| NICHOLAS NEUHOFF, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO., an Illinois corporation; and DOES 1-10, inclusive.<br><br>Defendants. | Case No.<br><br>(Marin County Superior Court Case No. CIV 2000159)<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>**[DIVERSITY JURISDICTION]** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Walgreen Co. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Marin to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, on the grounds that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## PROCEDURAL BACKGROUND

1. On January 14, 2020, Plaintiff commenced a class-action lawsuit against Defendant in the Superior Court of the State of California for the County of Marin, entitled "*Nicholas Neuhoff, individually and on behalf of all others similarly situated, Plaintiff vs. Walgreen Co, an Illinois corporation; and Does 1-10, inclusive, Defendants*," Case No. CIV2000159.

2. On March 11, 2020, Plaintiff served Defendant's agent for service of process, Corporation Service Company, with the following documents: (a) Summons; (b) Complaint; (c) Notice of Case Management Conference; (d) Alternative Dispute Resolution (ADR) Informational Notice; (e) Case Management Statement form; (f) Notice of Settlement of Entire Case form; and (g) Civil Case Cover Sheet. A true and correct copy of the Summons is attached hereto as "**Exhibit 1**." A true and correct copy of the Complaint is attached hereto as "**Exhibit 2**." A true and correct copy of the Notice of Case Management Conference is attached hereto as "**Exhibit 3**." A true and correct copy of the Alternative Dispute Resolution (ADR) Informational Notice is attached hereto as "**Exhibit 4**." A true and correct copy of the Case Management Statement form is attached hereto as "**Exhibit 5**." A true and correct copy of the Notice of Settlement of Entire Case form is attached hereto as "**Exhibit 6**." A true and correct copy of the Civil Case Cover Sheet is attached hereto as "**Exhibit 7**."

3. On April 7, 2020, Defendant filed its Answer to Plaintiff's Complaint, a true and correct copy of which is attached hereto as "**Exhibit 8**."

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

4.  Exhibits 1 through 8 to this Notice of Removal constitute all pleadings, process, and orders served in this action at the time of removal.

5.  Plaintiff alleges the following causes of action against Defendant: (1) Failure to Provide Rest Periods; (2) Continuing Wages; (3) Failure to Provide Proper Pay Stubs; and (4) Violation of Unfair Competition Law.

## **REMOVAL IS TIMELY**

6.  A case may be removed at any time, provided that neither of the two 30-day periods under 28 U.S.C. § 1446(b)(1) and (b)(3) has been triggered. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013).

7.  28 U.S.C. § 1446(b)(1) provides that, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

8.  "[N]otice of removability under § 1446(b)(1) is determined through examination of the four corners of the applicable pleadings[.]" *Amsbary v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The Complaint does not "reveal on its face the facts necessary for federal court jurisdiction." *Rea v. Michaels Stores, Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (quoting *Amsbary*, 425 F.3d at 691–92). Specifically, it does not reveal on its face that the amount in controversy exceeds $75,000 for traditional diversity purposes.

9.  Plaintiff also never served Defendant with an "other paper" sufficient to trigger the second 30-day clock. 28 U.S.C. § 1446(b)(3). Indeed, Plaintiff has not served Defendant with any documents other than those attached to this Notice of Removal.

10.  Because (a) neither of the two 30-day periods under 28 U.S.C. § 1446(b)(1) and (b)(3) has been triggered and (b) Defendant filed this Notice of Removal within 30 days of being served, Defendant's removal is timely.

//
//

## PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL BASED ON DIVERSITY GROUNDS

11. This is a civil action of which this Court has original diversity jurisdiction under 28 U.S.C. § 1332, and is properly removable pursuant to the provisions of 28 U.S.C. sections 1441(a) and (b), because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states, as set forth below.

### Complete Diversity of Citizenship Exists Between Plaintiff and Defendant

12. **Plaintiff is A Citizen of California**. A person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges to have worked for Defendant from approximately October 2016 to April 17, 2019. (Complaint, ¶ 10.) Throughout his employment with Defendant, Plaintiff was employed at Defendant's distribution center in Moreno Valley, California. (Complaint, ¶ 10.) Plaintiff also alleges that, at all relevant times, he was a resident of California. (Complaint, ¶ 6.) Throughout his employment with Defendant, Plaintiff indicated that he resided in California. (Declaration of Alicia Musgrove ("Musgrove Declaration"), ¶ 2.) Therefore, according to Plaintiff's own allegations, he resided in California at the time the action was commenced and intended to remain there. As such, Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of California.

13. **Defendant Walgreen Co. is a Citizen of Illinois**. At the time of the filing of this action, Defendant Walgreen Co. was, and still is, a corporation incorporated under the laws of the State of Illinois with its principal place of business in Illinois. (Declaration of Joseph B. Amsbary ("Amsbary Decl."), ¶ 2.)

14. Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1  business. The Supreme Court has established the proper test for determining a corporation's
2  principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S.
3  77 (2010). The Court held that the "'principal place of business' [as set forth in section 1332(c)]
4  is best read as referring to the place where a corporation's officers direct, control, and coordinate
5  the corporation's activities." *Id*. at 92-93. The Court further clarified that the principal place of
6  business was the place where the corporation "maintains its headquarters – provided that the
7  headquarters is the actual center of direction, control and coordination." *Id*. at 93; see also
8  *Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding
9  that a corporation's principal place of business is the state in which it performs a substantial
10 predominance of its corporate operations and, when no state contains a substantial predominance
11 of the corporation's business activities, then the corporation's principal place of business is the
12 state in which the corporation performs its executive and administrative functions.)

13  15. Defendant's corporate headquarters are located in Deerfield, Illinois where
14 Defendant's officers direct, control and coordinate Defendant's activities. (Amsbary Decl., ¶ 2.)
15 Defendant's operations are managed from this location, including but not limited to, those
16 operations relating to administering company-wide policies and procedures, legal affairs, and
17 general business operations. (*Id.*) Therefore, for diversity purposes, Defendant is a citizen of
18 Illinois.

19  16. Because Plaintiff is a citizen of California and Defendant is a citizen of Illinois,
20 complete diversity of citizenship exists between Plaintiff and Defendant.

21  17. **The Citizenship of "Doe Defendant" Must Be Disregarded.** The citizenship of
22 fictitiously-named "Doe" Defendant is to be disregarded for the purposes of removal. 28 U.S.C. §
23 1441(b). Thus, the existence of Doe Defendant 1 through 10 does not deprive this Court of
24 jurisdiction.

25 //
26 //
27 //
28 //

**The Alleged Amount In Controversy Exceeds $75,000[1]**

18. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy in this action exceeds the sum of $75,000. To satisfy the amount in controversy of $75,000, exclusive of interest and costs, is not "daunting," as courts in the Ninth Circuit recognize that a removing defendant is not obligated to "research, state and prove the plaintiff's claim for damages." *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, *2 (E.D. Cal., May 1, 2007). Defendant need only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 56 F.3d 696, 699 (9th Cir. 2007). Thus, "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).

19. The amount in controversy is determined from the allegations and prayer of the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). If the complaint does not, on its face, reflect the amount in controversy, the Court may consider facts from the removal petition, as well as evidence submitted by the parties, relevant to the amount in controversy at the time of removal. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

20. **Failure To Provide Rest Periods.** Plaintiff alleges that Defendant never provided him with compliant, off-duty, rest breaks because it required him to carry and monitor a radio during his rest breaks. (Complaint, ¶¶ 12, 23).

21. Under California law, employees who are denied the opportunity to take proper rest periods are entitled to one hour of premium pay for each day that a rest period is not authorized or permitted. *Marlo v. United Parcel Service, Inc.*, No. CV 03-04336 DDP (RZx), 2009 WL 1258491, *7 (C.D. Cal. May 5, 2009). As a matter of law, rest period claims are properly considered in determining the amount in controversy. *See, e.g., Muniz v. Pilot Travel Ctr. LLC*,

---

[1] Defendant denies any liability whatsoever with respect to Plaintiff's individual and class claims. The sole purpose of this removal is to establish the amount that is in controversy with respect to Plaintiff's claims.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

No. CIV S-07—325 FCD EFB, 2007 WL 1302504, *4 (E.D. Cal. May 1, 2007); *Helm v. Alderwoods Group, Inc.*, No. C 08-01184 SI, 2008 WL 2002511, *8 (N.D. Cal. May 7, 2008).

22. Plaintiff also alleges that the failure to provide rest periods constitutes unfair competition within the meaning of Business and Professions Code Section 17200. (Complaint, ¶ 34.) The statute of limitations for such a claim is four years. Cal. Bus. & Prof. Code § 17208. Accordingly, the measure of potential damages for Plaintiff's rest break claim is based on a four-year limitations period.

23. When performing an analysis of the amount in controversy where, as here, a plaintiff alleges that Defendant failed to provide him with an off-duty rest break because it required him to carry and monitor a radio, it is reasonable to assign a 100 % violation rate. *Stevenson v. Dollar Tree Stores, Inc.*, 2011 WL 4928753, *3-4 (E.D. Cal. 2011) (defendant's calculation of potential missed meal period damages at 100% of the shifts was appropriate where plaintiff alleged that class members were routinely denied meal periods or were not compensated for meal periods.)

24. Moreover, when an employer requires employees to remain "on-call" during rest breaks, Plaintiff alleges that the employer effectively has failed to provide compliant rest breaks. *See Bono Enters., Inc. v. Bradshaw*, 32 Cal. App. 4th 968, 975 (1995), overruled on other grounds *Tidewater Marine Western, Inc. v. Bradshaw*, 14 Cal. 4th 557 (1996) ("When an employer directs, commands or restrains an employee from leaving the work place during his or her lunch hour and thus prevents the employee from using the time effectively for his or her own purposes, that employee remains subject to the employer's control. According to IWC Order No. 1–89 [defining "hours worked"], that employee must be paid."); *Augustus v. ABM Sec. Servs.*, Inc., 2 Cal.5th 257, 269-273 (2016) (requiring employees to remain on duty is "irreconcilable with employees retention of freedom to use rest periods for their own purposes.") As a result, Defendant is entitled to apply a 100% violation rate for calculating the amount in controversy for purposes of removal.

25. Defendant expressly denies that it failed to provide Plaintiff with proper rest breaks. Nevertheless, Plaintiff's alleged rest break liability can be determined from the allegations

in Plaintiff's Complaint. According to Plaintiff, his lowest hourly rate during his employment was $26.50. (Complaint, ¶ 10). Plaintiff worked for Defendant as a full-time employee, regularly working eight hours per day, from October 26, 2016 to April 17, 2019. (*Id*.) The time period from October 2016 to April 17, 2019 encompasses 132 workweeks and 629 workdays, not including weekends and holidays.

26.     Based on the foregoing time record data, Plaintiff's rest break claim places into controversy at least **$16,668.50** (*i.e.,* $26.50 [Plaintiff's lowest hourly rate] x 629 [number of shifts where he worked at least 3.5 hours]).

27.     **Failure To Provide Wage Statements.** Plaintiff alleges that, as a result of the aforementioned violations, Defendant failed to provide him with accurate itemized wage statements. (Complaint, ¶ 30.)

28.     California Labor Code section 226(a) states that every employer shall furnish his or her employees an accurate itemized wage statement in writing showing nine specific categories of information. Plaintiff alleges that Defendant's alleged wage statement violations "stem naturally from the underlying knowing and intentional failure to provide proper rest breaks in the first place." (Complaint, ¶ 31.)

29.     California Labor Code section 226(e) provides for the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) for each subsequent pay period, up to a maximum of $4,000 per individual. Cal. Lab. Code § 226(e). Plaintiff seeks the maximum penalty of $4,000. (Complaint, ¶¶ 31, 32).

30.     Defendant expressly denies that it failed to provide Plaintiff with accurate itemized wage statements. However, where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n. 3 (9th Cir. 2000) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Davenport v. Mut. Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963)). In *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199 (E.D. Cal. 2008), the court considered the maximum penalty when the plaintiff alleged that he as "entitled to civil penalties in amounts up to

one thousand dollars ($1,000) per violation." Therefore, Plaintiff's wage statement claim places into controversy **$4,000**.

31. **Waiting Time Penalties.** Plaintiff claims that Defendant failed to pay all wages owed to him at the time of his termination. (Complaint, ¶ 27.) He seeks penalties pursuant to Labor Code § 203 equal to his daily wage times thirty (30) days. (Complaint, ¶ 26.) The statute of limitations for penalties under California Labor Code § 203 is three years. *See* Cal. Civ. Proc. Code § 338(a).

32. Defendant expressly denies that Plaintiff is entitled to recover waiting time penalties. Plaintiff's final base hourly rate of pay was $29.42. (Complaint, ¶ 10.) Therefore, Plaintiff's waiting-time penalty claim places into controversy at least **$7,060.80** (*i.e.,* $29.42 [Plaintiff's final rate of pay] x 8 [8-hour work day] x 30 days [waiting time penalty]).

33. **Attorneys' Fees.** Plaintiff seeks attorneys' fees in connection with each of his claims. (Complaint, Prayer for Relief at ¶ 6.) Attorneys' fees are properly included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (attorneys' fees included in determining jurisdictional amount).

34. When, as here, a plaintiff seeks to recover attorneys' fees as permitted by California law, the court ***must consider future attorneys' fees*** when determining the amount in controversy. *Fritsch v. Swift Transportation Company of Arizona, LLC*, No. 18-55746, 2018 WL 3748667 (9th Cir. Aug. 8, 2018).

35. To establish the amount in controversy, a defendant may introduce evidence of awards in other cases. *Cain v. Hartford Life & Acc. Ins. Co.,* 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) (citing *Rivera v. Costco Wholesale Corp.*, No. C 08–02202 CW, 2008 WL 2740399, at *1 (N.D. Cal. July 11, 2008)).

36. Attorneys' fee awards in similar wage and hour cases regularly exceed $100,000 and often exceed the amount of damages.

37. In *Donald MacLeod v. Emerson Electric Co.*, Case No. 5:11-cv-00159-FMO-PLA (C.D. Cal. Mar. 23, 2015), the jury awarded the individual plaintiff $159,406 for his wage and hour claims. The plaintiff's attorneys sought to recover $500,000 in attorneys' fees and costs. (Declaration of Christopher J. Archibald ("Archibald Decl."), Ex. A). The court awarded $304,273.75 in attorneys' fees and $11,814.20 in costs. (Archibald Decl., Ex. B).

38. In *Miguelio Orsonal et al. v. Lana Samporn et al*, Case No. CIV526733 (San Mateo County Superior Court May 6, 2016), the jury awarded $87,487.95 in attorneys' fees and $8,553.16 in costs after the individual plaintiffs prevailed on their wage and hour claims. (Archibald Decl., Ex. C).

39. In *Cesar Quiroz v. Emergency University,* Case No. CIV493090 (San Mateo County Superior Court Nov. 13, 2012), the court only awarded the individual plaintiff $56,263.72 for his wage and hour claims, but it awarded him $141,080 in attorneys' fees and $1,352 in costs. (Archibald Decl., Ex. D).

40. In *Mian Alam v. Hawks International Security, Inc.,* Case No. BC500819 (Los Angeles County Superior Court Aug. 18, 2014), the individual plaintiff only recovered $52,865 for his wage and hour claims, the plaintiff's counsel sought to recover $105,000 in attorneys' fees and costs. (Archibald Decl., Ex. E).

41. In *Solorio v. National Retail Transportation, Inc.*, Case No. BC511186 (Los Angeles Superior Court Oct. 6, 2015), the court found that it was reasonable for plaintiff's counsel to spend 622 hours working on a single-plaintiff wage and hour case and awarded $197,600 in attorneys' fees to plaintiff's counsel. (Archibald Decl., Ex. F).

42. Moreover, Plaintiff's counsel represent that they charged the following hourly rates two years ago: Abigial Zelenski: $698.36; David Zelenski: $698.36; Mark Greenstone: $698.36. (Archibald Decl., Ex. G [see p. 5] & H [see p. 10]). Assuming there has been no increase in their hourly rates in the last two years, applying their rate of $698.36, Plaintiff's counsel would only need to spend a combined total of 99.5 hours working on this case through trial to incur $69,500 in attorneys' fees. It is unreasonable to assume that Plaintiff's counsel will be able to litigate this case through trial without spending at least 99.5 hours working on it.

43. Defendant expressly denies that Plaintiff is entitled to recover attorneys' fees as it denies that Plaintiff can recover on any of his underlying claims. However, through trial, attorneys' fees in wage and hour cases typically exceed $100,000. Therefore, for purposes of establishing amount in controversy, Defendant will apply a conservative estimate of $69,500. Therefore, Plaintiff's wage and hour claims, alone, place into controversy at least **$97,229.30**, as summarized below:

| Claim | Amount in Controversy |
|---|---|
| Failure to provide rest breaks | $16,668.50 |
| Wage statements | $4,000.00 |
| Waiting time penalties | $7,060.80 |
| Attorneys' Fees | $69,500.00 |
| **Total:** | **$97,229.30** |

44. Based upon the foregoing, the amount in controversy in this action exceeds the jurisdictional minimum of $75,000.

45. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

**THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED**

46. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District in which the action is pending. The Marin County Superior Court is located within the Northern District of California. Therefore, venue is proper in this court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

47. In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

48. In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Marin. Notice of Compliance shall be filed promptly afterwards with this court.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

49. As required by Federal Rule of Civil Procedure 7.1, Defendant concurrently filed its Certificate of Interested Parties.

## CONCLUSION

For the foregoing reasons, Defendant hereby removes the above-entitled action to United States District Court for the Northern District of California.

Dated: April 9, 2020

**BRYAN CAVE LEIGHTON PAISNER LLP**
Allison C. Eckstrom
Christopher J. Archibald
Sharlene P. Meno

By:   */s/ Christopher J. Archibald*
        Christopher J. Archibald
Attorneys for Defendant
WALGREEN CO.